UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DOROTHY M. HUMPHREY,       )
                           )
          Plaintiff    )
                           )
        v.            )   Case No. 2:06 cv 45
                           )
JOSE BURGOS, individually and  )
in his capacity as Police     )
Officer, City of Hammond; CITY )
OF HAMMOND; CITY COUNCIL, City )
of Hammond; POLICE  COMMISSION,)
City of Hammond,          )
                           )
          Defendants   )

OPINION AND ORDER

This matter is before the court on the Motion to Compel Discovery filed by the defendant, Hammond City Council, on March 16, 2007 (DE 33); the Motion to Compel filed by the defendant, City of Hammond, on March 30, 2007 (DE 36); the Motion to Vacate all Procedural Deadlines filed by the defendant, City of Hammond, on March 30, 2007 (DE 38); the Motion for Protective Order filed by the defendant, City of Hammond, on March 30, 2007 (DE 37); the Motion to Compel Defendant Burgos' Appearance at Deposition filed by the plaintiff, Dorothy Humphrey, on April 26, 2007 (DE 46); and the Stipulation of Dismissal filed by the parties on April 26, 2007 (DE 48).  For the reasons set forth below, the motion to compel filed by the City Council (DE 33) is **DENIED AS MOOT,** and the motion to compel filed by the City of Hammond (DE 36) is **GRANTED**. The motion to vacate all procedural deadlines (DE 38) is **GRANTED**, with the exception of the status conference set for Friday May 25, 2007 at 9:00 A.M. This conference is **REAFFIRMED**.

The defendant's motion for a protective order (DE 37) is **GRANTED IN PART** and **DENIED IN PART;** the plaintiff's motion to compel Burgos' deposition (DE 46) is **GRANTED IN PART** and **DENIED IN PART;** and the Stipulation of Dismissal (DE 48) is **GRANTED**.

<u>Background</u>

On May 11, 2004, the plaintiff, Dorothy M. Humphrey, was in her vehicle in the parking lot of a Hammond, Indiana apartment complex. She alleges that at approximately 9:00 p.m., she was approached by Hammond police officer Jose Burgos who touched and fondled her in a sexual manner. In response to the incident, on February 9, 2006, Humphrey brought an eight-count complaint, naming as defendants Burgos, the City of Hammond, the Mayor of Hammond, the city's police chief, Brian Miller, the Hammond City Council, and the Hammond Police Commission. She has alleged claims based on assault, battery, infliction of emotional dis-tress, negligent hiring, and violations of due process rights under the United States Constitution and unspecified violations of the Indiana Constitution.

The City Council served Humphrey with interrogatories and requests for admissions in August 2006. A second set of interrog-atories was served on January 31, 2007.  Hammond also served interrogatories and requests for production on October 31, 2006. Both defendants claim that Humphrey's responses are inadequate under the Federal Rules of Civil Procedure. The parties dispute further regards the deposition of Burgos, which was scheduled for March 23 and again on April 9 but has not occurred. Hammond moved

for a protective order on March 30, 2007, delaying Burgos'
deposition until Humphrey provides adequate responses to the
defendants' written discovery requests. Humphrey, who filed no
response to the motion within the period of time designated by
the local rules, filed her own motion to compel Burgos' atten-
dance at a deposition.

Humphrey failed to respond to the motion to compel filed by
the City Council. However, in her response to the separate motion
to compel filed by Hammond, Humphrey states that she had stipu-
lated to the dismissal of the "common council." (Plaintiff's
Response, p. 1) The stipulation and subsequent order to which she
refers indicate only that Mayor Thomas McDermott Jr., and Police
Chief Brian Miller, in their official and individual capacities,
have been dismissed. (DE 39, 41) A subsequent stipulation, filed
on April 26, 2007, indicates the dismissal of the Hammond City
Council.  (DE 48) The stipulation is **GRANTED**.

<u>Discussion</u>

The circumstances of this matter do not justify dismissal of
the entire complaint as a sanction against Humphrey. Despite
Hammond's characterization of this sanction as "common" and
"often imposed," the sanction of dismissal is neither. ***Poulos v.
Naas Foods, Inc***. 959 F.2d 69, 75 (7th Cir. 1992)(referring to
dismissal as a "drastic sanction" and noting that "we have recom-
mended that courts consider lesser sanctions before imposing
default judgments."); ***In re Thomas Consolidated Industries, Inc***.,
456 F.3d 719, 724-25 (7th Cir. 2006); ***Greviskes v. University***

3

*Research Association, Inc*., 417 F.3d 752, 759 (7th Cir. 2005)
(imposing sanction of dismissal when plaintiff hid behind "a
cloak of further fraud and deceit."). *See also* **Bolanowski v.
GMRI, Inc**., 178 Fed.Appx. 579, 581 (7th Cir. 2006).

The delays in this matter do not present the clear record of
contumacious behavior with which courts routinely support an
order dismissing a cause of action as a sanction. Despite the
apparent delays imposed by Humphrey's failure to respond to
Hammond's discovery requests, the discovery issues largely are
failures of the parties to resolve their dispute informally and
without the necessity of court involvement. At this stage, the
dispute is largely focused upon the perceived inadequacy of
Humphrey's responses and not a steadfast, bad faith refusal to
comply with the standards of the Federal Rules. Accordingly, the
sanction of dismissal is premature.

While dismissal is not warranted, the defendants are enti-
tled to more thorough responses from Humphrey to multiple inter-
rogatories and requests for production of documents.  A party is
entitled to conduct discovery on any matter that is "relevant to
the claim or defenses of any party." Federal Rule of Civil Pro-
cedure 26(b)(1). Under the Federal Rules, relevancy in discovery
includes information that may not be admissible, provided that
"discovery appears reasonably calculated to lead to discovery of
admissible evidence." Rule 26(b)(1); *Chavez v. Daimler Chrysler
Corp*., 206 F.R.D. 615, 619 (S.D. Ind. 2002). Even after amend-
ments to Rule 26, narrowing relevance from that which is related

to the "subject matter" of the case to matters related particu-
larly to claims or defenses, relevance remains broadly construed.
***Graham v. Casey's General Stores***, 206 F.R.D. 251, 253 (S.D. Ind.
2002)("The minimal showings of relevance and admissibility hardly
pose much of an obstacle for an inquiring party to overcome, even
considering the recent amendment to Rule 26(b)(1).").

The failure to disclose, which includes providing evasive or
incomplete answers, is properly remedied by an order compelling
discovery. Federal Rules of Civil Procedure 37(a)(2)(B), (a)(3),
(a)(4); ***Lucas v. GC Services, L.P.***, 226 F.R.D. 328, 329-30 (N.D.
Ind. 2004).  The burden to show why a particular discovery
request is improper rests upon the objecting party. ***Meyer v.
Southern Pacific Lines***, 199 F.R.D. 610, 612 (N.D. Ill. 2001).
Further, making such objections does not operate to transfer the
burden to the party making the request. Rather, it is the object-
ing party's obligation to support its objection with specificity.
*See* ***Burkybile v. Mitsubishi Motors Corp***., 2006 WL 2325506, *6
(N.D. Ill. 2006)(collecting cases) ("That burden cannot be met by
a reflexive invocation of the same baseless, often abused litany
that the requested discovery is vague, ambiguous, overly broad,
unduly burdensome or that it is 'neither relevant nor reasonably
calculated to lead to the discovery of admissible evidence.'")
(internal quotations and citations omitted). The court has broad
discretion when reviewing a discovery dispute and "should inde-
pendently determine the proper course of discovery based upon the

5

arguments of the parties." *Gile v. United Airlines Inc*., 95 F.3d 492, 496 (7th Cir. 1996).

Many of the responses to interrogatories that Hammond cites to as incomplete raise common issues. For instance, Hammond seeks the factual basis for Humphrey's allegation that, with respect to Burgos' conduct, the municipal defendants failed to develop and enforce policies, failed to prevent an unreasonable risk in Burgos, failed to screen Burgos properly when hiring him, and failed to train him properly. (Interrogatories No. 6, 7, 8, and 9) In response to each of these, Humphrey recites that no further factual basis is required than the assertion that Burgos' actions, standing alone, indicate the municipal defendants' liability. In her reply, Humphrey states that "the mere fact that a Hammond police officer would assault a woman demonstrates that the city has failed to train its officers proper conduct (sic)." (Reply, p. 6)  Humphrey further states that Hammond is responsible for the conduct of its officers, regardless of whether the officer is on- or off-duty.

These responses appear to flow from a misunderstanding of the basis for municipal liability. Leaving aside Humphrey's state law claims, municipal liability premised entirely upon *respondeat superior* is an insufficient basis on which to ground liability for constitutional violations under §1983. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)("In particular, we conclude that a municipality cannot be held liable solely because

6

it employs a tortfeasor - or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory."). *See also* **Mayes v. City of Hammond**, 442 F.Supp.2d 587, 649 (N.D. Ind. 2006).

Accordingly, whether there is any factual basis beyond a theory of *respondeat superior* is relevant and properly subject to discovery. If Humphrey alleges a constitutional violation against the city, she must allege the basis under which she would find it liable independently from Burgos. *See generally* Federal Rule of Civil Procedure 33(c). To the extent Hammond seeks to compel answers to Interrogatories 6, 7, 8, 9, 11, and 12, the motion is **GRANTED**.

In addition, Humphrey, in response to Hammond's interrogatory regarding the basis for liability under the laws and constitution of Indiana, merely makes reference to her response to Interrogatory 11. Notwithstanding the court's conclusion that the response to 11 was inadequate, Hammond's potential liability for the state claims is subject to standards distinct from the federal claims. Humphrey's answer, that Hammond's liability under state law arises from the same basis as its liability under federal law, is legally inaccurate. If there is a legal basis for maintaining state law claims, under common law theories such as negligence, statutory provisions, or the Indiana Constitution, Humphrey must allege that basis. Accordingly, Hammond's motion to compel a response to interrogatory 13 is **GRANTED**.

In addition to compelling responses to its interrogatories regarding liability, Hammond also has served a series of interrogatories regarding Humphrey's damages. For instance, regarding lost wages, Hammond has asked for the dates of Humphrey's unemployment, the injuries that prevented her from working, the name of the employer, and the amount of lost income she alleges. Humphrey initially stated  that she has "had to reduce her hours" and that an "exact calculation is not yet available."  In her response brief, Humphrey states that she has provided tax returns detailing four years worth of earnings and has provided the names of her employers. It is not clear the degree to which this request remains unaddressed. However, it is clear that the information sought is relevant. The court trusts that the parties will be able to resolve any remaining questions regarding discovery of this relevant information. Similarly, Hammond's first interrogatory, seeking the names of Humphrey's spouse and children, also is relevant. To the extent that she objects to this request on the grounds that this disclosure could put individuals at risk, the appropriate mechanism is a protective order under Federal Rule of Civil Procedure 26.

Finally, the parties' dispute regarding the deposition of Burgos, in light of the conclusions in this order, largely is a dispute over timing. Hammond claims it will suffer prejudice if required to participate in this deposition before receiving the benefit of responses to its written discovery requests. Humphrey, on the other hand, resisted adequate answers to these requests

largely on the basis that further discovery had not taken place. The resulting stand-still does little to advance this cause of action. Further, based upon the record, it does not appear that Hammond seeks to depose Humphrey before Burgos' deposition, despite this characterization by Humphrey. Rather, Hammond seeks knowledge of the basis through which Humphrey has alleged Hammond's independent liability before this deposition.

Though Hammond makes no more than a generalized assertion of prejudice in its motion for a protective order, Humphrey offered no response to that motion. Instead, Humphrey filed her own motion to compel, after the date on which a response to Hammond's motion would have been due, that merely recites the failed attempts to hold this deposition. The parties' positions in these motions strongly suggest that, to the extent there was an effort to comply with Local Rule 37.1, it was less than earnest.

The motion to vacate procedural deadlines filed by Hammond, and also apparently unopposed, is **GRANTED**. However, the court **REAFFIRMS** the status conference set for May 25, 2007, at which new settings will be established. The plaintiff shall provide responses to Hammond's interrogatories consistent with this order within 15 days of this order. Burgos' deposition shall be scheduled to occur within 30 days of this order. Each party shall bear its own costs with respect to these motions addressed.  However, further involvement of the court in resolving these issues will be met with sanctions.

_____

For the foregoing reasons, the motion to compel filed by the City Council (DE 33) is **DENIED AS MOOT**, and the motion to compel filed by the City of Hammond (DE 36) is **GRANTED**. The motion to vacate all procedural deadlines (DE 38) is **GRANTED**, with the exception of the status conference set for Friday May 25, 2007 at 9:00 A.M. This conference is **REAFFIRMED**. The defendant's motion for a protective order (DE 37) is **GRANTED IN PART** and **DENIED IN PART;** the plaintiff's motion to compel Burgos' deposition (DE 46) is **GRANTED IN PART** and **DENIED IN PART;** and the Stipulation of Dismissal (DE 48) is **GRANTED**.

ENTERED this 3rd day of May, 2007

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge

10